UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
TYRONE L. LYONS,

                               **Plaintiff,**

           -against-

**COMMISSIONER OF SOCIAL SECURITY,**

                              **Defendant.**
-----------------------------------------------------------------X

**19-CV-07599 (SN)**

**REMAND ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/19/2021

**SARAH NETBURN, United States Magistrate Judge:**

      On August 14, 2019, Plaintiff filed this action pursuant to 42 U.S.C. § 405(g), seeking review of a denial of social security disability benefits. Pursuant to Federal Rule of Civil Procedure 12(c), Plaintiff moves for judgment on the pleadings. ECF No. 14. Plaintiff argues that (1) the Commissioner violated the treating physician rule, and (2) the Administrative Law Judge ("ALJ") that adjudicated the case was an inferior officer under the Appointments Clause who was not constitutionally appointed consistent with that provision. ECF No. 15 ("Pl.'s Br.") at 12–23.

      The Commissioner "concedes that the decision did not adequately weigh the opinion evidence" and urges the Court to remand the case so that the ALJ may, "in the first instance, [ ] apply the treating physician rule, address all the medical opinions and restrictions, re-weigh the opinions in the context of the evidence overall, and, if necessary, re-assess the RFC finding in light of those opinions and the record as a whole." ECF No. 23 ("Comm'rs Br.") at 18. The Commissioner contends that the Court need not reach the Appointments Clause challenge; in the alternative, the Commissioner raises a waiver defense, asserting Plaintiff's failure to raise the

Appointments Clause challenge during the administrative proceedings has foreclosed his opportunity to raise it now. Id. at 21–26.

Rule 1 of the Federal Rules of Civil Procedure directs the Court to apply the Rules "to secure the just, speedy, and inexpensive determination of every action and proceeding." Because both parties agree that the case should be remanded for further proceedings, Rule 1's directive requires the Court to grant the remand without consideration of Plaintiff's constitutional challenge.

Accordingly, the action is REMANDED to the Commissioner for further proceedings pursuant to the sentence four of 42 U.S.C. § 405(g). The Clerk of Court is respectfully requested to terminate the motions at ECF Nos. 14, 20, and 22, and close this case.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   February 19, 2021
         New York, New York